UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HARTFORD LIFE AND ACCIDENT INS. CO., | ) | |
| | ) | |
| Plaintiff and Stakeholder in Interpleader, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-704-PLR-CCS |
| | ) | |
| WILLIAM MAURICE WEST, JR., *ET AL.*, | ) | |
| | ) | |
| Defendants and Claimants in Interpleader. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel for Defendant Julie A. West [Doc. 52], filed by Attorneys Tyler Chastain and Margo Maxwell of Bernstein, Stair & McAdams, LLP. Mr. Chastain and Ms. Maxwell currently serve as counsel for Julie West, a claimant in the interpleader. Counsel represents that Ms. West's address is P.O. Box 7411, Knoxville, TN 37921 and that Ms. West was furnished with a copy of the Motion to Withdraw fourteen days prior to its filing. Counsel moves the Court to permit Ms. West thirty days to obtain substitute counsel.

The Court finds first that the Motion to Withdraw **[Doc. 52]** complies with Rule 83.4 of the Local Rules of the Eastern District of Tennessee, and therefore, it is **GRANTED**. The Court expects that Mr. Chastain and Ms. Maxwell will provide copies of any relevant documents to any future counsel for the Ms. West or to Ms. West herself, upon request. Otherwise, Mr. Chastain and Ms. Maxwell are **RELIEVED** of their duties as counsel in this case.

Julie West is hereby **ADMONISHED** that she is **DEEMED** to be proceeding *pro se*. Until she obtains substitute counsel, it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if she elects to proceed in this case without an attorney, she is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, see E.D. Tenn. L.R. 7.1. Ms. West, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

Specifically, Ms. West is advised that this matter is set for trial on **October 18, 2016**, and that many deadlines are set based upon this trial date and will expire at intervals of 150 days, 120 days, 90 days, 60 days, and 30 days, etc., before trial. She is reminded to carefully review the Scheduling Order [Doc. 53] and calendar each of these deadlines. Because none of the deadlines in the Scheduling Order are set to expire in the next thirty days, the Court will decline to set a deadline for Ms. West to secure counsel. However, Ms. West is advised that the substitution of counsel is unlikely to be deemed good cause for extending the deadlines set in the Scheduling Order. Thus, to the extent she plans to retain new counsel, she should do so as soon as possible.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order, along with the Scheduling Order, to Ms. West at the address provided by counsel, and to enter that address along with Ms. West's telephone number as her contact information in the docket.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge